**BIENSTOCK & MICHAEL, P.C.**
Ronald S. Bienstock, Esq. (601660)
Brent M. Davis, Esq. (*Admission Pending*)
Continental Plaza
411 Hackensack Avenue, 7th Floor
Hackensack, New Jersey 07601
Telephone: (201) 525-0300

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRET MICHAELS and LAST CHILD PRODUCTIONS, INC., <br><br> Plaintiffs, <br><br> - against - <br><br> MICHAEL S. BANKS and ALOHA EVENTS, LLC, <br><br> Defendants. | Civil Action No.: 5:10-cv-989 (DNH/DEP) <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs BRET MICHAELS ("Michaels") and LAST CHILD PRODUCTIONS, INC. ("LCPI")(collectively, "Plaintiffs"), by its undersigned counsel, alleges and hereby complains against MICHAEL S. BANKS ("Banks") and ALOHA EVENTS, LLC ("Aloha") (collectively "Defendants") as follows:

**NATURE OF THE ACTION**

1. This is an action for breach of contract and defamation under New York state law.

2. Defendants have materially breached a valid contract entered into with Plaintiffs.

1

3. Banks has made false statements, published to third parties without privilege or authorization, that Banks knew to be false and that have injured Plaintiffs in their trade, business and profession.

4. Plaintiffs have suffered damages as a result of Defendants' breach and false statements.

## THE PARTIES

5. Michaels is an individual residing in California with a principal place of business at 20750 Ventura Boulevard, Suite 342, Woodland Hills, California 91364.

6. LCPI is a company organized and existing under the laws of California with its principal place of business at 20750 Ventura Boulevard, Suite 342, Woodland Hills, California 91364.

7. Upon information and belief, Banks is an individual residing in New York with a principal place of business at 5 Oriole Path, Liverpool, New York 13090.

8. Upon information and belief, Aloha is a company organized and existing under the laws of New York, with a principal place of business at 5 Oriole Path, Liverpool, New York 13090.

## JURISDICTION AND VENUE

9. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because the Plaintiffs are residents of a different state from the Defendants and because the value of the matter in controversy exceeds $75,000.00.

10. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a)(1) because both Defendants reside in the state of New York and within this district.

11. Venue in this district is also proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions on which the claims are based occurred in the district.

## FACTS

12. Defendants entered into a contract with Plaintiffs (the "Contract") under which Michaels would give a musical performance on August 5, 2010 in Syracuse, New York (the "Performance") in exchange for monetary compensation (the "Performance Fee").

13. Under the terms of the Contract, Defendants were required to pay a deposit of 10% of the Performance Fee by June 11, 2010 (the "First Deposit").

14. Defendants failed to pay the full amount of the First Deposit.

15. Under the terms of the Contract, Defendants were to pay a deposit of 40% of the Performance Fee by July 16, 2010 (the "Second Deposit").

16. Defendants failed to pay the Second Deposit.

17. Under the terms of the Contract, Defendants were responsible for providing sound and lighting production for the Performance.

18. Upon information and belief, on August 4, 2010, despite having actual knowledge of its falsehood, Banks issued a statement that the Performance would not occur because Michaels was going to appear on a television show instead.[1]

19. Upon information and belief, the above-referenced statement, as well as other statements made by Banks to third parties, including the press, was known by Banks to be false.

---

[1] While it is true that a performance by Michaels was to be included in a television program airing on August 5, 2010, the performance was taped previously and, in no way, would affect Michaels' ability to perform under the Contract.

3

20. On the morning of August 5, 2010, Michaels arrived at the venue in Syracuse ready, willing and able to give the Performance.

21. Defendants failed to provide the sound and lighting production necessary for the Performance.

22. As a direct result of Defendants multiple breaches of the Contract, Michaels was unable to perform.

## COUNT ONE

23. Plaintiffs repeat, reallege, and incorporate by reference each and every paragraph above as if set forth fully herein.

24. Defendants entered into a valid Contract with Plaintiffs.

25. Defendants, through their actions described above, materially breached the Contract.

26. As a direct result of Defendants' breach, Plaintiffs suffered damages in an amount in excess of $75,000.00.

## COUNT TWO

27. Plaintiffs repeat, reallege, and incorporate by reference each and every paragraph above as if set forth fully herein.

28. Banks made false statements, published to third parties without privilege or authorization.

29. Banks made these statements with actual knowledge that they were false.

30. Banks' statements exposed Michaels to public contempt, ridicule, aversion, and/or disgrace, and induced an evil opinion of him in minds of right-thinking persons.

31. Banks' statements injured Michaels in his trade, business and profession.

32. Banks made the false statements out of hatred, ill will or spite and with a willful disregard for Michael's rights.

33. As a direct result of Banks' defamatory statements, Michaels has suffered damages of at least $5,000,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages in an amount to be determined at trial, punitive damages in an amount to be determined at trial, the costs of this litigation, their attorney fees, prejudgment and post-judgment interest and any and all other relief to which they may be entitled and/or the Court deems equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

Hackensack, NJ
Date:  August 16, 2010

_____
Ronald S. Bienstock, Esq. (601660)
Brent M. Davis, Esq. (*Admission Pending*)
BIENSTOCK & MICHAEL, P.C.
*Attorneys for Plaintiffs*