IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

BRET MICHAELS and LAST CHILD
  PRODUCTIONS, INC.,

               Plaintiffs,

                                          Civ. Action No.
                                          5:10-CV-0989 (DNH/DEP)
    v.

MICHAEL S. BANKS and ALOHA
  EVENTS, LLC,

               Defendants.
_____

APPEARANCES:                             OF COUNSEL:

FOR PLAINTIFFS:

BIENSTOCK, MICHAEL LAW FIRM      BRENT M. DAVIS, ESQ.
Continental Plaza - 7th Floor            RONALD S. BIENSTOCK, ESQ.
411 Hackensack Avenue
Hackensack, NJ 07601

FOR DEFENDANTS:

MICHAEL S. BANKS, *Pro Se*
5 Oriole Path
Liverpool, NY 13090

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT, RECOMMENDATION AND ORDER

Plaintiffs Brett Michaels and Lost Child Productions, Inc. have commenced this action against defendants Michael S. Banks and Aloha Events, LLC ("Aloha") asserting claims of breach of contract and defamation. Plaintiffs' claims arise out of a failed musical performance to have been given by Michaels pursuant to the terms of a contract with the defendants.

Currently pending before the court in connection with the action are two motions brought by the plaintiffs. In the first, they seek leave to file an amended complaint and to join an additional defendant. Plaintiffs' second application requests that the answer previously filed on behalf of defendant Aloha be stricken and that its default be entered, based upon the fact that as a corporation it is not represented by counsel, as required. For the reasons set forth below I will grant plaintiffs' motion for leave to amend and join an additional party, and recommend that defendant Aloha's answer be stricken and its default entered.[1]

---

[1] Plaintiffs' motion to amend and for joinder of an additional defendant falls within my jurisdiction pursuant to 28 U.S.C. § 636(b)(1)(A) and General Order No. 25. *See also* N.D.N.Y.L.R. 72.3(a). The striking of defendant Aloha's answer is dispositive in nature, and thus the portion of this decision addressing that issue is formatted as a recommendation to the assigned district judge.

I.  BACKGROUND

Plaintiffs commenced this action on August 16, 2010, asserting diversity of citizenship as a basis for this court's jurisdiction pursuant to 28 U.S.C. § 1332.  Dkt. No. 1.  In their complaint plaintiffs assert common law causes of action for breach of contract and defamation.  Plaintiffs' claims are based upon a contract by which plaintiff Bret Michaels was to have given a musical performance on August 5, 2010 in Syracuse, New York, in exchange for specified compensation.  Plaintiffs assert that the concert was ultimately cancelled by Michaels based upon the defendants' failure to make required advance payments, and that defamatory statements were publically made by the defendants concerning the circumstances surrounding the cancellation, thereby injuring Michaels' public reputation.

On September 13, 2010 an answer to plaintiffs' complaint was received by the court from the defendants.  Dkt. No. 6.  That answer was submitted by defendant Banks, *pro se,* purporting to act on behalf of both himself and co-defendant Aloha.[2]  *Id.*

An initial pretrial conference was held in the action on February 8,

---

[2] Although defendants' answer is not entirely clear on this score, out of an abundance of caution plaintiffs have interpreted the answer as asserting a counterclaim and have since filed an answer with the court addressing that potential counterclaim.  Dkt. No. 10.

3

2010, pursuant to Rule 16 of the Federal Rules of Civil Procedure. During that conference defendant Banks was advised of the requirement that as a corporation Aloha be represented by counsel, and was informed that if an attorney did not appear on behalf of that corporate defendant within sixty days I would recommend that its answer be stricken and default entered.[3]  *See* Text Minute Entry Dated 11/18/10. A letter request filed by defendant Banks seeking an extension of that sixty day deadline for an additional forty-five days was subsequently granted on January 20, 2011. *See* Text Order dated 1/20/11.

A follow-up telephone conference was conducted by the court in connection with the action on March 3, 2011. During that conference defendant Banks informed the court that he was still in the process of attempting to retain counsel for the corporation and hoped to be able to resolve the matter shortly. *See* Text Minute Entry Dated 3/3/11. Based upon that representation I scheduled a follow-up telephone conference to be held on March 18, 2011. *Id.* During that subsequent conference I was informed that defendant Banks had not been able to secure counsel for

---

[3] During that conference a case management schedule was put in place which provided, *inter alia*, for completion of discovery by October 31, 2011 and the filing of motions in the case on or before December 23, 2011. *See* Dkt. No. 16.

defendant Aloha. Under the circumstances I granted plaintiffs leave to file a motion to strike the answer of that defendant as well as a motion to amend their complaint and/or join additional parties, and stayed all deadlines under the court's case management scheduling order until those issues could be resolved. *See* Text Minute Entry Dated 3/18/11.

II.     PROCEDURAL HISTORY

On March 25, 2011, with permission from the court, plaintiffs filed two motions. In the first, they request leave to join Jennifer Kingston, as an additional party-defendant, and to amend their compliant to reflect that addition as well as the addition of a third cause of action asserting a theory of liability against the individual defendants based upon corporate veil piercing. Dkt. No. 20. In their second motion plaintiffs request that the answer of defendant Aloha be stricken, based upon its failure to appear in the action through counsel, and that the clerk enter that corporation's default.[4] Dkt. No. 19. Defendants have since responded by filing an answer to the proposed amended complaint, Dkt. No. 21, as well

---

[4] In their motion the plaintiffs purport to seek the entry of default judgment against defendant Aloha. As will be seen, I am recommending that Aloha's answer be stricken, and that the clerk be directed to enter its default. Any motion for default judgment, however, will have to be made to the assigned district judge and properly supported pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

as an additional submission in which they oppose plaintiffs' request for leave to amend. Dkt. No. 22. In those submissions defendants have not staked out a position regarding the striking of the answer of defendant Aloha, other than to state that they have made efforts, without success, to secure counsel to represent that defendant. *Id.*

III.   DISCUSSION

   A.   Motion For Leave To Join Parties And Amend

Plaintiff's motion for leave to add a new defendant and a third cause of action implicates both Rule 15(a) and Rule 21 of the Federal Rules of Civil Procedure. Rule 21 authorizes a court, "on motion of any party or of its own initiative at any stage of the action and on such terms as are just . . ." to order the addition of parties to an action. Fed. R. Civ. P. 21; *see City of Syracuse v. Onondaga County*, 464 F.3d 297, 308 (2d Cir. 2006). That rule permits joinder "of a person, who through inadvertence, mistake, or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable." *Oneida Indian Nation of New York State v. County of Oneida,* 199 F.R.D. 61, 72 (N.D.N.Y. 2000) (McCurn, S.J.) (quoting, *inter alia, United States v. Hansel*, 999 F. Supp. 694, 697 (N.D.N.Y.1998)). A decision as to whether

to permit joinder under Rule 21 is informed by the same general principles as those which govern motions for leave to amend under Rule 15(a). *See, e.g., id.* at 72-73 (citing *Expoconsul Int'l, Inc. v. A/E Sys., Inc.,* 145 F.R.D. 336, 337 (S.D.N.Y.1993)).

Motions for leave to amend are governed by Rule 15(a) of the Federal Rules of Civil Procedure which provides, in pertinent part, that unless amendment as a matter of right is permitted based upon the circumstances – something which is not applicable in this action – a party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Under Rule 15(a), leave to amend ordinarily should be freely granted absent undue delay, bad faith, dilatory tactics, undue prejudice in being served with the proposed pleading, or futility. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); *Elma R.T. v. Landesmann Int'l Mktg. Corp.,* No. 98 CIV. 662, 2000 WL 297197, at *3 (S.D.N.Y. Mar. 22, 2000) (citing *Foman*).

Notwithstanding the familiar and well-accepted axiom that leave to amend should be granted freely and is typically permitted, if a claim contained in a proposed amended complaint would be vulnerable in the

face of a Rule 12(b)(6) motion then permitting amendment would be an act of futility which should not be sanctioned. *See, e.g., Saxholm AS v. Dynal, Inc.,* 938 F. Supp. 120, 124 (E.D.N.Y. 1996); *In re Boesky Sec. Litig.,* 882 F. Supp. 1371, 1379 (S.D.N.Y. 1995). If, on the other hand, a proposed claim sets forth facts and circumstances which may entitle the pleader to relief, then futility is not a proper basis on which to deny the right to amend. *Saxholm*, 938 F. Supp. at 124 (citing *Allstate Ins. v. Administratia Asigurarilor De Stat,* 875 F. Supp. 1022, 1029 (S.D.N.Y. 1995) and *Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y. 1995) (leave to replead granted where court could not say that under no circumstances would proposed claims provide a basis for relief)).

In this case the relevant factors weigh in favor of granting leave to amend. No evidence has been presented to suggest that plaintiffs' motion was prompted by bad faith or dilatory tactics, nor is there any evidence of undue delay in bringing the motion. In responding to the motion, defendants have not established any undue prejudice, and in fact none appears to be present in this action, particular since the case is in its infancy and no material discovery has yet been exchanged, and the court has stayed the deadlines put in place in its case management order.

Moreover, in reviewing the proposed amendment the court is unable to conclude that the claims now asserted against the additional party defendant as well as the newly added third cause of action are futile. Accordingly, plaintiffs' motion for leave to join Jennifer Kingston as a defendant and to amend their complaint will be granted.

B.   Motion To Strike Corporate Defendant's Answer

Despite the fact that this action has been pending since August of 2010, and defendants have been given ample notice of the need for an attorney to appear on behalf of defendant Aloha and abundant time to arrange for such an appearance, at present Aloha remains unrepresented. Based upon that fact, plaintiffs request that Aloha's answer be stricken.

It is well-established that with few exceptions, none of which apply this instance, a corporation may not defend itself *pro se* in an action filed in a federal district court, but instead must be represented by counsel. *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (collecting cases); *see also Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997).   As one court, confronting a set of circumstances similar to those at bar, observed,

> [w]hile a corporation is a legal entity, it is also an artificial one, existing only in the contemplation of

> the law; it can do no act, except through its agents. Since a corporation can appear only through its agents, they must be acceptable to the court; attorneys at law, who have been admitted to practice, are officers of the court and subject to its control.

*Brandstein v. White Lamps*, 20 F. Supp. 369, 370 (S.D.N.Y. 1937); *Jones*, 722 F.2d at 22. Since defendant Aloha is a corporation but has not appeared in this action through counsel, its answer is subject to being stricken by the court. *Brandstein*, 20 F. Supp. at 371; *see also Washco v. Events Int'l., Inc.*, No. 88-CV-957, 1989 WL 3819, at *1 (N.D.N.Y. Jan. 17, 1989) (Munson, J.). According to the court's records, the summons and complaint in the action were served on defendant Aloha Events, LLC on August 24, 2010. Dkt. No. 4. Accordingly, in the event that that defendant's answer is stricken, plaintiffs will be entitled to entry by the clerk of that Aloha's default. *See* Fed. R. Civ. P. 55(a).

III. <u>SUMMARY AND RECOMMENDATION</u>

Applying the extremely generous standard governing motions for leave to join parties and amend pleadings, and finding no evidence of bad faith, undue delay, dilatory tactics, undue prejudice, or futility, in my discretion I will grant plaintiffs' leave to amend their complaint and to join Jennifer Kingston, as a party-defendant. Turning to plaintiffs' second

motion, based upon the fact that defendant Aloha has not appeared in this action through counsel, I recommend that defendant's answer be stricken and default entered against corporation.

Based upon the foregoing, it is hereby

ORDERED as follows:

1) Plaintiffs' motion for leave to join an additional party and to amend their complaint (Dkt. No. 20) is GRANTED.

2) Within fourteen (14) days of the date of this order plaintiffs shall file with the court, with an affidavit of service upon defendants Michael S. Banks and Aloha Events, LLC, an amended complaint in the form of that which was attached to their motion for leave to amend.

3) The clerk is directed to issue a supplemental summons in this action to Jennifer Kingston, and to forward that summons to plaintiffs' counsel for service, and it is further hereby respectfully

RECOMMENDED that the answer of defendant Aloha Events, LLC be stricken, and that the clerk be directed to enter that defendant's default.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed

with the Clerk of the Court within FOURTEEN days.  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1);  F ED. R. C IV. P.  6(a), 6(e), and 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:   April 29, 2011
         Syracuse, NY

David E. Peebles
U.S. Magistrate Judge