Michael S. Banks, Pro Ce
? Oriole Path
Liverpool, NY 13090
315-652-2657

Jennifer Kingston, Pro Ce
5953 E. Taft Road A-4
North Syracuse, NY 13212
315-263-5429



# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRET MICHAELS and LAST CHILD PRODUCTIONS, INC., <br><br>　　Plaintiffs,<br><br>vs.<br><br>MICHAEL S. BANKS, JENNIFER KINGSTON and ALOHA EVENTS, LLC<br><br>　　Defendants | Civil Action No.:<br>5:10-cv-989(DNH/DEP)<br><br>**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL: RESPONSE** |

Defendants MICHAEL S. BANKS ("Banks") and JENNIFER KINGSTON ("KINGSTON") hereby respond to the complaint by counsel for Plaintiffs BRET MICHAELS ("Michaels") and LAST CHILD PRODUCTIONS, INC ("LCPI") (collectively "Plaintiffs") as follows:

## NATURE OF THE ACTION

1. Neither Banks nor Kingston entered into a contractual agreement with Plaintiffs nor defamed same.

2. Neither Banks nor Kingston entered into a contractual agreement with Plaintiffs.

3. Banks made no statements to injure the Plaintiffs in their trade name, business or profession. Banks contends that a third party issued statements that Plaintiff Bret Michaels unilaterally canceled the concert (performance) for August 2010.

4. Neither Banks nor Kingston had an agreement with Plaintiffs, and deny making any false statements.

## THE PARTIES

5-6 Based on information provided by Plaintiffs' counsel Banks and Kingston agree with these statements.

7-9. Banks and Kingston agree with these statements.

## JURISDICTION AND VENUE

10. Banks and Kingston agree that each party does reside in different states and this matter does exceed $75,000.

11. Banks and Kingston acknowledge their residency is in the state of New York.

12. Defendants agree the Venue is in this court's jurisdiction.

## FACTS

13. Neither Banks nor Kingston entered into a contract with Plaintiffs.

14. Neither Banks nor Kingston entered into a contract with Plaintiffs.

15. Neither Banks nor Kingston entered into a contractual agreement with Plaintiffs.

16. Neither Banks nor Kingston entered into a contract with Plaintiffs.

17. Neither Banks nor Kingston entered into a contract with Plaintiffs.

18. Neither Banks nor Kingston was responsible for providing sound and lighting production for the Performance.

19. Banks denies making any statement/s regarding any television appearance prohibiting Michaels from performing on August 5, 2010. Banks wasn't aware of the Plaintiffs' television appearance until it was brought to Banks' attention by the media. Banks was aware of Plaintiffs' August 4, 2010 performance engagement in Big Flats, New York. Plaintiffs' agent told Banks via telephone that Michaels was flying in from filming just to do the Syracuse, NY Performance, and was corrected by Banks stating Michaels had a show on August 4, 2010 at another venue in Big Flats, New York, and Plaintiffs' agent recanted his statement regarding Michaels' flight plans.

20. Banks denies making any statements to the press or to any third party regarding any connection of Michaels' television appearance, with the exception there were no conflicts. Any statements that were made pertained to trying to reschedule the Performance. Statements of cancellation came from third parties neither Banks nor Kingston.

21. Banks and Kingston agree that Michaels arrived at the Syracuse, NY venue.

22. Staging, sound and lighting production for Performance was onsite, not provided by Banks or Kingston.
23. Neither Banks nor Kingston entered into a contract with Plaintiffs.

## COUNT ONE

24. Banks and Kingston denies and or disputes allegations in paragraphs 1,2,3,4,12,13,14, 15,16,17,18,19,20,22 and 23 in regards to being a party of the Contract and/or falsehoods alleged by Plaintiffs', its agents or representatives.
25. Neither Banks nor Kingston entered into a contract with Plaintiffs and denies actions alleged by Plaintiff its agents or representatives.
26. Neither Banks nor Kingston entered into a contract with Plaintiffs.

## COUNT TWO

27. Banks and Kingston deny and/or disputes paragraphs 1,2,3,4,12,13,14,15,16,17,18,19,21,22,23,24,25,26,

       27 and footnote 1 as not being a party of the Contract and/or falsehoods alleged by Plaintiffs', its agents or representatives.

28. Banks denies allegations in this paragraph.

29. Banks denies allegations in this paragraph.

30. Banks denies allegations and made no statement/s exposing Michaels to public contempt, ridicule, aversion, and/or disgrace or inducted an evil opinion of him in the minds of right-thinking persons. Banks contends that Michaels and his representatives did in fact exposed Banks to public contempt, ridicule, aversion and/or disgrace in the minds of right-thinking people through verbal threats and attacks, falsehoods, electronic mail, radio interviews, television interviews and internet interviews.

31. Banks denies making any statements that injured Michaels in his trade, business or profession. Banks contends that actions cited in paragraph 30 above that Michaels' injured Banks in his trade, business, profession and reputation.

32. Banks denies allegations cited in Plaintiffs complaint and contends Michaels made statements both verbal and written out of ill will or spite with a willful disregard for Banks' rights.

33. Banks denies any defamatory statements towards Michaels resulting in no damages suffered. Banks contends that statements made by Michaels, Plaintiffs and its representatives were deliberately orchestrated in such a manner as to humiliate, degrade, defame, attempted intimidation and disgrace Banks who has suffered damages of at least $1,000,000.

## COUNT THREE

34. Banks and Kingston deny and/or disputes paragraphs1,2,3,4,12,13,14,15,16,17,18,19,21,22,23, 24,25,26,27,28,29,30,31,32,33 and 34.

35. Banks and Kingston acted in the capacity as members of Aloha Events LLC.

36. Banks loaned Aloha funds for operation, Kingston as a minority member loaned no funds to Aloha.

37. Banks and Kingston disagree and dispute these claims.

38. Banks and Kingston dispute these claims.

## PRAYER FOR RELIEF

Banks and Kingston feel that the allegations set forth by Plaintiffs are without merit regarding any

defamation allegations or contractual obligations. Banks and Kingston feel there are no punitive or compensatory damages warranted that Plaintiffs should be responsible for any fees, expenditures related to this complaint and shall provide evidence of same.

## DEMAND FOR JURY TRIAL

If the court sees fit for this Complaint to continue to a jury trial Banks and Kingston will comply with same.

June 29, 2011

Jennifer Kingston, Pro Ce
5953 E. Taft Road A-4
North Syracuse, NY 13212

Michael S. Banks, Pro Ce
5 Oriole Path
Liverpool, NY 13090

## AFFIDAVIT OF SERVICE BY MAIL

State of New York  :

County of ONONDAGA  :

SS: Civil Action No.: 5:10-989-DNH-DEF
Michaels et al v Banks et al.

I, MICHAEL S. BANKS, being duly sworn, deposes and says: that I am the Defendant ~~plaintiff~~ herein and served a copy of the following document(s):

RESPONSE TO AMENDED COMPLAINT & COVER LETTER (Specify document(s))

on  BRENT DAVIS, ESQ  (Name of person/Addressee)

at:  411 HACKENSACK AVE 7TH FL
HACKENSACK, NJ 07601  (Address to which document(s) were sent)

by mailing and depositing a true and correct copy of said document(s) in a mailbox located at:  OSWEGO ROAD LIVERPOOL NY - 13090 BAYBERRY P.O.

on the following date:  6/30/11

I declare under penalty of perjury that the foregoing is true and correct.

DATED:  6/30/11          _MSB_ (signature)

Signature of ~~Plaintiff~~ Defendant

Sworn to before me this _____ day of _____, _____.

_____
Notary Public

FORM I (1)



U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JUN 30 2011
AT____ O'CLOCK____
Lawrence K. Baerman, Clerk - Syracuse

# AFFIDAVIT OF SERVICE BY MAIL

State of New York        :
                         SS: Civil Action No.: 5-10-cv-989
County of ONONDAGA       :   (DNH-DEP)
                             Michaels et al. v. Banks et al.

I, Jennifer Kingston, being duly sworn, deposes and says: that I am the ~~plaintiff~~ Defendant herein and served a copy of the following document(s):

Response To Amended Complaint _(Specify document(s))_

on   Brent Davis, Esq. _(Name of person/Addressee)_

at:  411 Hackensack Ave 7th Fl. _(Address to which document(s)_
     Hackensack, NJ 07601 _were sent)_

by mailing and depositing a true and correct copy of said document(s) in a mailbox located at: Baybery Post Office Oswego Rd Liverpool NY 13090

on the following date: 6/30/11

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 6/30/11          _[signature]_
                        Signature of ~~Plaintiff~~ Defendant

Sworn to before me this _____ day of _____, _____.

_____
Notary Public

FORM I (1)



U.S. DISTRICT COURT - N.D. OF NY
FILED
JUN 30 2011
AT____O'CLOCK____
Lawrence K. Baerman, Clerk - Syracuse